**UNITED STATES of America,**
**Appellee,**

v.

**Keith RUTHER, aka Kiki, Ernest Baker, aka Slay, aka Q., Eric Bradley, aka Little E., Leandro Jones, aka Gutta, Matthew Latson, aka Ponytail, Printice Latson, aka Cuda, Cedric Lewis, aka Nephew, Jamar Nelson, aka Son Son, Defendants,**

**Robert Baxter, aka Low, Defendant–Appellant.**

**No. 13–1961.**

United States Court of Appeals, Second Circuit.

April 11, 2014.

10

Gilbert R. Perez, Rochester, NY, for Appellant.

Joseph J. Karaszewski, for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY, for Appellee.

PRESENT: AMALYA L. KEARSE, DENNIS JACOBS, GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Robert Baxter appeals from the judgment of the United States District Court for the Western District of New York (Geraci, J.), convicting him of conspiracy to possess cocaine with intent to distribute controlled substances, in violation of 21 U.S.C. § 846. On appeal, Baxter challenges the refusal to grant a downward adjustment of the sentence based on his time spent in state custody for a parole violation. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review a [district court's] sentence for reasonableness, which is 'akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact.'" *United States v. Leslie,* 658 F.3d 140, 142 (2d Cir.2011) (per curiam) (quoting *United States v. Williams,* 475 F.3d 468, 474 (2d Cir.2007)). "'[A] refusal to downwardly depart is generally not appealable,' and ... review of such a denial will be available only 'when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal.'" *United States v. Stinson,* 465 F.3d 113, 114 (2d Cir.2006) (per curiam) (quoting *United States v. Valdez,* 426 F.3d 178, 184 (2d Cir.2005)). Contrary to Baxter's contention, the district court appropriately considered the application of U.S.S.G. § 5G1.3. The record does not reflect that the district court felt bound to reject Bax-

ter's request for a downward adjustment; rather, the court stated that the Guidelines do not compel that the request be granted. Moreover, any expectation Baxter had of obtaining a adjustment was misplaced; no guarantees were made by the court or the prosecution regarding the applicability of § 5G1.3.

For the foregoing reasons, and finding no merit in Baxter's other arguments, we hereby **AFFIRM** the judgment of the district court.